**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| EMERALD CASINO, INC., | ) | 02 B 22977 |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | District Court No. 11-cv-04714 |
| FRANCES GECKER, not individually | ) | Hon. Rebecca R. Pallmeyer |
| but solely as chapter 7 trustee for the | ) | |
| bankruptcy estate of Emerald Casino, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD F. FLYNN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**KEVIN FLYNN ESTATE'S MOTION FOR JUDGMENT AS A MATTER OF LAW**
**DISMISSING THE TRUSTEE'S CLAIMS FOR PUNITIVE DAMAGES AND THE**
**IMPOSITION OF JOINT LIABILITY**

Susan Flynn in her capacity as personal representative (the "Representative") of the

Estate of Kevin F. Flynn (the "Estate"), by her attorneys, and pursuant to Rule 52 of the Federal

Rules of Civil Procedure hereby moves this Court to enter judgment dismissing the Trustee's

requests for (i) punitive damages and (ii) the imposition of joint liability against the Estate on

Counts I and II for many of the same reasons set forth in the previously-filed motion of the

Estate of Donald F. Flynn to Dismiss the Trustee's Claims for the Imposition of Joint Liability

and for Punitive Damages. (*See* Dkt Nos. 64, 90). In support of this motion, the Representative

states as follows:

I.      **Factual Background**

On April 1, 2009, the Trustee filed her Third Amended Complaint (the "TAC") against

Defendants Donald F. Flynn, Kevin F. Flynn, John P. McMahon, Joseph P. McQuaid, Kevin D.

Larson, Walter P. Hanley, and Peer Pedersen, asserting state-law claims for breach of fiduciary

duty (Count I) and breach of contract (Count II), as well as several other claims.  (*See* TAC ¶¶

113-151).  Each of the Trustee's state-law claims is based on the same alleged conduct, namely,

that Defendants engaged in a concerted scheme to violate IGB Rules, that they misled and

fraudulently concealed information from the IGB, and that they repeatedly lied to the IGB.  (*See*

*generally* TAC).

In the TAC, the Trustee alleges that as a result of Defendants' alleged breaches of their

fiduciary duties, they are "jointly and severally liable for the injuries and damages which they

have caused."  (TAC ¶ 119).  The Trustee does not allege that the Defendants are jointly and

severally liable for their alleged breach of contract.  (*See* TAC, Count II, 120-125).

On October 10, 2011, Donald Flynn passed away.  On February 8, 2012, the Estate of

Donald Flynn filed a motion seeking to dismiss the Trustee's claims for the imposition of joint

liability and for punitive damages (Dkt. No. 64) (the "Donald Flynn Estate Motion").  The

Trustee filed her Opposition to that Motion on March 6, 2012 (Dkt. No. 79) (the "Opposition").

In it, the Trustee asserted, for the first time, that all Defendants are jointly and severally liable for

any breach of the Shareholders' Agreement, the operative contract for purposes of Count II.

(Dkt. No. 79 at 6 n.3).  Donald Flynn's Estate filed a Reply Brief on March 20, 2012.  (Dkt. No.

90).  That motion is pending.

Kevin Flynn passed away on August 12, 2013.  His death was noted on the record on

August 13, 2013.  On September 11, 2013, the Trustee filed a joint motion with the

Representative to substitute the Representative as defendant for the decedent. (Dkt. No. 260).

That motion was granted on September 13, 2013. (Dkt. Nos. 263, 264).

II.     **Argument**

    A.     **The Trustee's Claim for Punitive Damages Against the Estate Should be Dismissed.**

As stated in the Donald Flynn Estate Motion and Reply, while there is no factual basis for punitive damages in this case against any party, punitive damages are not available against a decedent's estate as a matter of Illinois law under any circumstances. *See, e.g., Readel v. Vital Signs, Inc.,* No. 97 C 3495, 2002 WL 1359417 at *5-7 (N.D. Ill. June 21, 2002) ("Any discussion of Illinois law in this area must begin with the fundamental premise that punitive damages are generally not recoverable under the Illinois Survival Act … in order to recover punitive damages under the Illinois Survival Act, a plaintiff must first allege a violation of a statute which permits the recovery of punitive damages."); *Gray v. Degussa Corp.,* No. 02 C 7209, 2006 U.S. Dist. LEXIS 1232, at 5-6 (N.D. Ill. Jan. 6, 2006) ("Illinois law is clear that punitive damages are not recoverable under the Survival Act or the Wrongful Death Act.").

In her Opposition to the Donald Flynn Estate Motion, the Trustee conceded that punitive damages are not available against a decedent's estate, and agreed not to seek them against Donald Flynn's Estate. (Dkt. No. 79 at 2). For the same reasons, punitive damages cannot be awarded against Kevin Flynn's Estate.

    B.     **The Trustee's Claim for the Imposition of Joint Liability Against the Estate as to the Fiduciary Duty Claim Should be Dismissed.**

The Trustee's claim for joint liability against Kevin Flynn's Estate as to the breach of fiduciary duty claim (Count I) also should be dismissed. (*See* Dkt Nos. 64, 90). Under Illinois law, the death of a defendant who is alleged to be jointly liable with co-defendants severs any

joint liability as to the decedent's estate except under certain limited circumstances, none of
which applies here.  *See Tandrup v. Sampsell*, 234 Ill. 526, 532-33 (1908) ("In case one joint
obligor dies, the joint obligation survives against the remaining obligors.  The several obligation
only survives against the personal representative.  In other words, the death of a joint obligor
dissolves the joint liability at law which continues against the survivors, but the estate of the
deceased obligor is liable upon the several liability.…  [A]n administrator of a deceased person
who is called upon to answer for the debt, default, or wrong of his intestate has only a several
liability resting upon him.");  *Sternberg Dredging Co. v. Estate of Sternberg*, 10 Ill. 2d 328, 331
(1957) (citing *Tandrup* for the proposition that "the estate of the deceased obligor is liable upon
the several liability"); *City of Centralia v. McKee*, 267 Ill. App. 585, 591 (4th Dist. 1932) ("[B]y
the death of one of several defendants, who are jointly liable, where the cause of action survives,
the joint liability was severed.…  The separate liability of the deceased person may be enforced
in a separate action against his representative.").

In her Opposition to the Donald Flynn Estate Motion, the Trustee cited a number of cases
that permit the imposition of joint liability where the decedent had participated in a partnership
or co-signed a promissory note, or where a statute established joint and several liability.  (Dkt.
No. 79 at 7-11).  As explained in the Donald Flynn Estate's reply brief, those cases have no
application to the Trustee's fiduciary duty claim.  (*See* Dkt. No. 90 at 4).

**C.  The Trustee's Claim for the Imposition of Joint Liability Against the Estate
as to the Contract Claim Should be Dismissed.**

As set forth in the Donald Flynn Estate Motion and in Certain Defendants' Post-Trial
Memorandum (Dkt. No. 244 at 151-152), the Estate, like all of the other Defendants, cannot be

held jointly liable on the Trustee's breach of contract claim (Count II).[1]  The Trustee did not, in

the Third Amended Complaint, allege that Defendants are jointly and severally liable for any

alleged breach of the Shareholders' Agreement.  (TAC ¶¶ 120-135.)  Having failed to plead joint

and several liability for breach of the alleged contract, the Trustee is barred from pursuing such a

theory now.  *Koplin v. Labe Fed. Sav. & Loan Assn.,* 748 F. Supp. 1336, 1341 (N.D. Ill. 1990)

(where complaint alleged only secondary liability, assertion of primary liability in plaintiff's

brief cannot add primary liability theory to plaintiff's claims).

Moreover, any claim that Defendants can be jointly and severally liable for breach of the

Shareholders' Agreement is unfounded as a matter of law.  On December 27, 2011, Judge

Castillo held that the Emerald Shareholders' Agreement is not a joint and several contract.  *See*

*Flynn v. Levy,* 10 C 1970, 2011 WL 6793997, at *4 (N.D. Ill. Dec. 27, 2011).  Specifically, the

Court ruled that there is no legal support "for reading a joint obligation into [the] Shareholders'

Agreement" given that it was written in individual terms.  *Id.*; *see also Brokerage Resources,*

*Inc. v. Jordan*, 400 N.E.2d 77, 80 (Ill. App. Ct. 1980) ("Whether a contractual obligation is joint

and several, or only several, depends upon the intentions of the parties, as revealed by the

language of the contract and the subject matter to which it relates.").

Because any claim that Defendants are jointly and severally liable for an alleged breach

of the Emerald Shareholders' Agreement would be both untimely and legally unsupported,

liability for breach of the Agreement as to the Estate, and all of the other Defendants, if any, can

only be several.  The Trustee's claim seeking the imposition of joint liability against the Estate

for breach of contract therefore should be dismissed.

---

[1] The Estate of Kevin Flynn, along with Defendants Hanley, Larson, McMahon, and McQuaid, have
denied, and continue to deny, both that they are parties to the Shareholders' Agreement at all and that, if
they are parties, any of them breached that Agreement.

WHEREFORE, for the foregoing reasons, the Representative respectfully requests that this Court enter judgment dismissing the Trustee's requests for (i) punitive damages and (ii) the imposition of joint liability on Counts I and II against the Estate of Kevin F. Flynn.

Dated:  October 15, 2013                    Respectfully submitted,

SUSAN FLYNN in her capacity as personal representative of the Estate of Kevin F. Flynn

By:     /s/ Constantine L. Trela, Jr.
         One of Her Attorneys

Constantine L. Trela, Jr.
John N. Gallo
Michael C. Andolina
Thomas R. Heisler
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2013, I electronically filed the foregoing **KEVIN FLYNN ESTATE'S MOTION TO DISMISS THE TRUSTEE'S CLAIMS FOR PUNITIVE DAMAGES AND FOR THE IMPOSITION OF JOINT LIABILITY** with the Clerk of Court using the CM/ECF system, and that I sent a copy via e-mail to the following:

Robert L. Graham
Catherine Steege
Keri L. Holleb Hotaling
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654

Mathew J. Piers
Joshua Karsh
Cara A. Hendrickson
HUGHES, SOCOL, PIERS,
RESNICK & DYM LTD.
70 W. Madison Street
Chicago, IL 60602

Steven S. Scholes
William P. Smith
John C. Kocoras
McDERMOTT WILL & EMERY LLP
227 W. Monroe Street
Chicago, Illinois 60606
Tel: 312-372-2000
Fax: 312-984-7700

C. Barry Montgomery
Theodore Low
WILLIAMS MONTGOMERY &
JOHN, LTD.
233 S. Wacker Drive, Suite 6100
Chicago, IL 60606

/s/ Constantine L. Trela, Jr.
Constantine L. Trela, Jr.